IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE

2008 JAN -3  A 10: 31

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON. SC

TESHIA R. GARDNER,                    )    C. A. No. 2:07-2783-CWH-RSC
                                      )
            Plaintiff,                )
                                      )
          -versus-                    )    **REPORT AND RECOMMENDATION**
                                      )
JONES APPAREL GROUP, INC. AND         )
McNAUGHTON APPAREL GROUP,             )
INC.,                                 )
                                      )
            Defendant.                )

This matter is before the court on the defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the plaintiff's first and second causes of action to the extent they purport to raise claims for emotional distress and the third cause of action titled "Negligent Supervision of Employee/Supervisor/Managers," for failure to state a claim upon which relief can be granted.

The plaintiff is Teshia R. Gardner, a former employee of the defendants Jones Apparel Group, Inc., and McNaughton Apparel Group, Inc., who alleges that the defendants violated her rights under Title VII and the FMLA by requiring her to take discretionary leave when she became pregnant and unable to do a full range of employment. The plaintiff also asserts a cause of action for negligent supervision and seems also to be seeking damages for emotional distress.

The defendants' motion is predicated on the proposition that the South Carolina Worker's Compensation Act, South Carolina Code Ann. § 42-1-10, et seq., provides the exclusive remedy for any work-related physical or emotional injury.  The plaintiff concedes that the defendants' proposition of law is correct, but asserts that the claims herein are within "the small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331."  Dixon v. Coburg Dairy, Incorp., 369 F.3d 811, 816 (4th Cir. 2004) (citing Ormet Corp. V. Ohio Power Co., 98 F. 3d 799, 806 (4th Cir. 1996)).

A Rule 12(b)(6) motion focuses only on the legal sufficiency of the complaint.  In conducting this review, the court must "take the facts in the light most favorable to the plaintiff," but " need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002).

The motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts

2

in support of his claim entitling him to relief.  *See* <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).
Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

"In general, a motion to dismiss will not be granted unless a plaintiff can prove no set of facts which would support his claim and entitle him to relief." <u>Venkatraman v. REI Sys., Inc.</u>, 417 F.3d 418, 420 (4th Cir. 2005) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Rule 12(b)(6), however, is not without meaning.  "The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" cannot support the legal conclusion. <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 577 (4th Cir. 2001). And "[a]lthough the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant."  5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 318 (2d ed.1990).  This requirement serves to prevent costly discovery on claims with no

3

underlying factual or legal basis. "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." DM Research v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999).

Here the plaintiff's proposition for avoiding South Carolina's exclusive remedy rests on a slim reed which cannot sustain the burden here.

The Fourth Circuit Court of Appeals in Dixon considered whether a state law claim included a sufficiently substantial federal question to support removal of the action from state court to federal court. The court's reasoning in pertinent part follows:

> Thus, in the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court. As discussed below, we conclude that Dixon's complaint satisfies neither of these requirements.
>
> A.
>
> A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue. Mulcahey, 29 F.3d at 153 ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter

4

jurisdiction does not exist."); see <u>Christianson</u>
<u>v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 810,
108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)(holding
that "a claim supported by alternative theories in
the complaint may not form the basis for [patent]
jurisdiction unless patent law is essential to
each of those theories" and noting the
similarities between the patent and federal


question jurisdictional statutes). In other
words, if the plaintiff can support his claim with
even one theory that does not call for an
interpretation of federal law, his claim does not
"arise under" federal law for purposes of § 1331.

<u>Dixon</u>, at 816-817.

Here the plaintiff asserts, "she would have no basis to

assert that Defendants supervised their employees in a negligent

manner but for her allegations of discrimination under Title VII

and violation of the FMLA; therefore, whether she is able to get

relief depends upon whether the Defendants committed violations

of those laws." (Plaintiff's Memorandum in Opposition to

Defendants' Motion for Partial dismissal, p. 2). This statement,

however is neither supported by the law nor the facts, and the

plaintiff provides no legal support for her position. In fact,

neither the FMLA nor Title VII incorporates every legal theory

for prosecution of the claims for emotional distress and

negligent supervision under the laws of South Carolina and the

Defendants' employment policies cited by the plaintiff. *See*

Complaint ¶¶ 44 and 45.

Thus finding that plaintiff cannot and does not show that her right to relief on her state claims necessarily depends on a substantial question of federal law, it is recommended that the Defendants' motion be granted.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
January 3, 2008

6