**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| Teshia R. Gardner, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:07-2783-CWH |
| ) | |
| vs. ) | |
| ) | |
| Jones Apparel Group, Inc. and ) | **ORDER** |
| McNaughton Apparel Group, Inc., ) | |
| ) | |
| Defendants. ) | |

On August 13, 2007, the Teshia R. Gardner (the "plaintiff") commenced this action pursuant to the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Family Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601 *et seq.*, against Jones Apparel Group, Inc. and McNaughton Apparel Group, Inc. (the "defendants").

**I.      Plaintiff's Allegations**

The plaintiff is a former employee of the defendants Jones Apparel Group, Inc. and McNaughton Apparel Group, Inc. On July 11, 2005, she was hired to work full time by Jones Apparel Group, Inc. in the shipping and receiving department. On April 14, 2006, the plaintiff learned that she was pregnant and subsequently informed her immediate supervisor. She also informed her supervisor that she should not lift heavy objects or packages. The plaintiff's immediate supervisor accommodated this request by modifying her duties to include tasks that did not involve heavy lifting. On June 12, 2006, Jones Apparel Group, Inc. informed the plaintiff that she would have to resume all aspects of her job, including heavy lifting, pushing,

and pulling, unless she obtained a doctor's note. On June 15, 2006, the plaintiff gave Jones Apparel Group, Inc. a note from her doctor stating that she could continue to work but that she could not lift, push, or pull anything weighing twenty pounds or more due to her pregnancy. That same day, Jones Apparel Group, Inc. informed the plaintiff that due to her lifting restrictions, she could either go on leave or be terminated. Therefore, the plaintiff filed a discretionary leave form. On July 17, 2006, Jones Apparel Group, Inc. terminated the plaintiff. At the time of termination, Jones Apparel informed the plaintiff that she was not entitled to leave under the FMLA. The plaintiff alleges that the defendants violated her rights under Title VII and the FMLA by requiring her to take discretionary leave when she became pregnant. Also, the plaintiff asserts a cause of action for negligent supervision.

## II.     Procedural History

On August 13, 2007, the plaintiff commenced this action. On October 19, 2007, the defendants moved to dismiss the first and second causes of action to the extent that the claims purport to raise claims for emotional distress and the third cause of action for negligent supervision for failure to state a claim upon which relief can be granted. On November 8, 2007, the plaintiff responded in opposition to the motion to dismiss. On November 19, 2007, the defendants replied to the response in opposition to the motion to dismiss. On January 3, 2008, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") issued a report analyzing the issues and recommending that the Court grant the motion to dismiss because the plaintiff's allegations of emotional distress and negligence fall within the exclusivity provision of the Workers' Compensation Act. On January 23, 2008, the plaintiff objected to the report and recommendation. On January 31, 2008, the attorney for the defendants replied to the plaintiff's

objections to the report and recommendation.

This Court is charged with making a *de novo* determination of any portions of the magistrate judge's recommendation to which specific objection is made. *See* 28 U.S.C. § 636. The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. *See* 28 U.S.C.§ 636(b)(1).

### III.    Standard for Deciding a Motion to Dismiss

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of its claims that entitles it to relief. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). It is well settled that a pleading is sufficient if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint is not required to set forth heightened fact pleading of specifics, "but only enough facts to state a claim for relief that is plausible on its face. [Where the plaintiff fails to nudge its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007).

### IV.    Plaintiff's Objections

The plaintiff asserts that Magistrate Judge Carr erred in his report and recommendation by failing to find that the Court has supplemental jurisdiction over her claim for negligent

supervision and by not recommending the exercise of supplemental jurisdiction over the state law negligent supervision claim and the claim for emotional distress regarding the defendants' violation of federal law. The plaintiff argues that because the state law negligent supervision claim and the claim for emotional distress are so interrelated with Title VII and the FMLA claims, this Court must assert supplemental jurisdiction over those claims.

The report and recommendation does not suggest that the Court lacks supplemental jurisdiction over the claims for negligent supervision and emotional distress. Pursuant to 28 U.S.C. § 1367, the district court has supplemental jurisdiction over state claims when the district court has subject matter jurisdiction over associated federal claims that form part of the same case or controversy. Due to this supplemental jurisdiction, the Court is able to dispose of these causes of action on the merits. The magistrate judge determined that the plaintiff's allegations of emotional distress and negligence fail to state claims upon which relief can be granted because they fall within the exclusivity provision of the Workers' Compensation Act. Therefore, the plaintiff's objection is without merit.

## V.     Conclusion

This Court has reviewed the entire record and agrees with Magistrate Judge Carr's conclusions. For the reasons stated above, the Court adopts the report and recommendation and grants the defendants' motion to dismiss.

**AND IT IS SO ORDERED.**

*C. Weston Houck*

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 30, 2008
Charleston, South Carolina